**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| Sylvester Smith,<br><br>  Plaintiff,<br><br>v.<br><br>DISH Network, LLC.<br><br>  Defendant. | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Sylvester Smith, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Sylvester Smith ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant DISH Network, LLC ("DISH"), is a Colorado business entity with an address of 9601 South Meridian Boulevard, Englewood, Colorado 80112, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, DISH began placing calls to Plaintiff's cellular telephone, number 813-xxx-9951, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from DISH, he heard silence and had to wait on the line to be connected to the next available representative.

7. In or around November 2017, Plaintiff spoke with a live representative and requested that all calls to him cease.

8. Nevertheless, DISH continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone systems have some earmarks of a Predictive Dialer.

13. When Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

14. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendant contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of her revoking his consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was and is assigned to a cellular telephone provider for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 2, 2018

Respectfully submitted,

By:  /s/ *Tamra Givens*

Tamra Givens
Florida Bar No. 657638
LEMBERG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com